CANFIELD S. HAMILTON, Plaintiff in Error, *v.* ARTOIS HAMILTON, Defendant in Error.

ERROR TO HANCOCK.

The statute requires that an instrument submitting a matter to arbitration, should be under seal.   The seal is an indispensable formality, and without it the court cannot enter judgment on the award.

Where an instrument submitting a matter to arbitration was recited in the record, as a bond, and the instrument and execution of it were fully set out, by which it appeared that there were no seals to the signatures, the Supreme Court could not intend that it was a sealed instrument.   If only the body of the bond had been set out in the record, the court might presume that it was properly executed.

THIS was a motion by the defendant in error to the Circuit Court of Hancock county, SIBLEY, Judge, presiding, for judgment upon an award of arbitrators.

The court allowed the motion, and entered judgment on the award against the plaintiff in error, who brings the cause to this court.

The opinion of the Court contains a full statement of the case.

WILLIAMS & GRIMSHAW, and GEORGE EDMUNDS, JR., for Plaintiff in Error.

WHEAT & GROVER, for Defendant in Error.

BREESE, J.   This case originated in the Hancock Circuit Court, on a motion for judgment on a certain award.

The record recites as follows:

" And now this motion coming on for a hearing on the submission to arbitrators, the award of arbitrators, evidence, and

arguments of counsel, and it appearing to the court that the said parties did, on the nineteenth day of September, one thousand eight hundred and fifty-four, enter into arbitration bonds, each to the other respectively; the bond of said Canfield S. Hamilton to said Artois Hamilton being in the words and figures following, to wit: Know all men by these presents, that I, Canfield S. Hamilton, am held and firmly bound unto Artois Hamilton, in the sum of three thousand dollars, to be paid to the said Artois Hamilton, his certain attorney, executors, administrators, or assigns, for which payment I bind myself, my heirs, etc., firmly by these presents. Sealed with my seal. Dated July 19, 1854.

"The condition of this obligation to such, that if the above bounden Canfield S. Hamilton, his heirs, etc., shall well and truly stand to, obey, abide, observe, perform, fulfill, and keep, the awards, orders, arbitrament final, and determination of Squire R. Davis, Richard Cannon, and Joab Green, or a majority of them, arbitrators, chosen by said parties to arbitrate, etc., to arbitrate and determine of and concerning certain matters of account between them, and also, all actions and causes of action, suits, bonds, specialties, judgments, executions, accounts, recoveries, quarrels, controversies, trespasses, damages and demands, whatsoever, both at law and in equity, at any time hereafter had, moved, brought, commenced, sued, prosecuted, done, suffered, committed, or depending, by and between said parties, so as the said award be made in writing, and so as said arbitrators commence said arbitration on Sept. 19, 1854, in the town of Carthage, then this obligation to be void, etc.

"And said Canfield S. Hamilton consents and agrees that said submission shall be made a rule of the Hancock Circuit Court.

CANFIELD S. HAMILTON."

"Signed, sealed, and delivered in }
  presence of C. R. Scofield. {

A similar writing was executed by the other party, Artois Hamilton.

The statute regulating arbitrations and awards, provides for two descriptions of cases which parties may submit to arbitration. The one is, when persons, having the legal capacity, by an instrument in writing to be signed and sealed by them, and attested by at least one witness, submit to one or more arbitrators, any controversy existing between them, not in suit, and may agree in such submission, that a judgment of any court of record competent to have jurisdiction of the subject matter to be named in the instrument, shall be rendered

upon the award made pursuant to the submission; and the other is, when a suit is pending in any court of record, the parties to it may submit the matters involved in the suit to the decision of arbitrators, whereupon an order of court is entered directing the submission to three impartial and competent persons, to be named in the order. Upon the award of the arbitrators, the court may enter up judgment as on the verdict of a jury. (Scates' Comp. 209.)

These are the only cases in which a court has jurisdiction to enter a final judgment upon an award of arbitrators. In all other cases of submission to arbitrators, the parties must be left to their common law remedies.

It is argued by the defendant's counsel, that this court must intend the instrument of submission was a sealed instrument, because, in the record it is recited as a bond, and that is well understood as being an instrument in writing under seal.

The record sets out, not only the body of the bond, but the manner of its execution also, and that shows there was no seal to it, but it is attested by one witness. If the body of the bond had alone been set out, as in *Cabell* v. *Vaughan*, 1 Saunders' R. 291, we might well say the Circuit Court found the instrument of submission to be a bond or writing under seal, and so properly executed, but the execution of it being also set out, and showing no seal, we must hold that it is defective for want of a seal, and not such an instrument as is provided for in the statute to which reference has been made. The seal is an indispensable formality, in order to give the court jurisdiction to enter a judgment on the award. This court has as much power to dispense with the requirement that the submission shall be in writing, as to dispense with the seal and subscribing witness. We can do neither—the statute must be obeyed.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*